**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

VILLARDO D. DULLAS,

          Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,

          Agency.

DOCKET NUMBER
SF-0831-16-0165-I-1

DATE: December 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Rufus F. Nobles, I</u>, Zambales, Philippines, for the appellant.

<u>Sarah Murray</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), denying his request for a Civil Service Retirement System (CSRS) annuity. Generally, we grant petitions such as this one only in the following

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

¶2         The administrative judge, in an initial decision, found that the appellant failed to meet his burden of proving that he was entitled to a CSRS annuity. Initial Appeal File (IAF), Tab 9, Initial Decision (ID).  He correctly concluded that the appellant's service between August 1971 and January 1980 consisted of numerous temporary appointments limited to 1 year or less, which are excluded from Civil Service Retirement Act (CSRA) coverage.  ID at 6-7; IAF, Tab 6 at 31-48; *see*  5 C.F.R.  § 831.201(a)(1)  (excluding  from  retirement  coverage "[e]mployees serving under appointments limited to one year or less, except annuitants appointed by the President to fill unexpired terms of office on or after January 1, 1976"); *see also Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 8 (2011) (recognizing that temporary, intermittent, term, and excepted indefinite appointments have been excluded from CSRS coverage).  He also correctly concluded that the appellant's subsequent service in an indefinite excepted-service position from January 1980 to July 1992 was similarly excluded from  CSRA  coverage.    ID  at 7-11;  IAF,  Tab 6  at 49-54;  *see*  5 C.F.R. § 831.201(a)(13) (excluding indefinite employees from CSRS coverage); *see also Encarnado*, 116 M.S.P.R. 301, ¶ 8.

¶3         On review, the appellant reasserts that he is covered by the CSRS for a portion of his service, between 1971 and 1982, regardless of the nature of his

appointments and despite his failure to contribute to the CSRS. Petition for Review File, Tab 2 at 1-12. He argues that 5 C.F.R. § 831.303(a) retroactively implemented automatic coverage under the CSRS for all Federal employees that rendered service between July 1920 and September 1982. *Id*.

¶4 As the administrative judge correctly found, the appellant's reliance on 5 C.F.R. § 831.303(a) is misplaced. ID at 11-13. Two types of Federal service are pertinent to a determination of whether an individual is entitled to a CSRS retirement annuity, "creditable service" and "covered service." *Encarnado*, 116 M.S.P.R. 301, ¶ 7. Almost all Federal civilian service is creditable service, but covered service is more limited in scope, referring to the status of Federal employees who are subject to the CSRS and are thus required to deposit part of their basic pay into the Civil Service Retirement and Disability Fund. *Id*. Completion of 5 years of creditable civilian service, ending with at least 1 out of the last 2 years in a position covered by the CSRS, is a prerequisite for a civil service retirement annuity. *Id*. The regulation the appellant relies on, 5 C.F.R. § 831.303(a), addresses whether service is creditable. It does not convert noncovered service such as the appellant's into covered service, nor does it otherwise render him eligible for a CSRS annuity.

¶5 After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:              _____
                            Jennifer Everling
                            Acting Clerk of the Board

Washington, D.C.